IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RAZIEL BRIAH,

        Plaintiff,

   v.

JASON ALAN STEEN;
JULIAN SAMUELS; and
MYQUE OBIERO,

        Defendants.

Case No. 3:23-cv-00477-YY

ORDER

SIMON, Judge

Plaintiff, an adult in custody at the Snake River Correctional Institution, brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court are Plaintiff's First Amended Complaint (ECF No. 9), which is subject to screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A, as well as several motions filed by Plaintiff.[1]

## BACKGROUND

Plaintiff names as defendants Jason Steen, a public defender who represented Plaintiff in a Multnomah County criminal prosecution, Julian Samuels, the deputy district attorney who prosecuted Plaintiff, and Myque Obiero. Plaintiff identifies Obiero as the Oregon Department of Corrections Health Director; however, from Plaintiff's factual allegations, it appears that Obiero

---

[1] Plaintiff filed his First Amended Complaint before the Court was afforded the opportunity to screen his original complaint as required under the PLRA. Because Plaintiff is allowed the opportunity to file an amended complaint once as a matter of right under Fed. R. Civ. P. 15(a), the First Amended Complaint is the operative pleading before the Court.

1 - ORDER

is employed as health director for Multnomah County corrections.  Plaintiff alleges generally that he was the victim of a sexual assault while incarcerated at the Multnomah County Inverness Jail and suffered from physical injuries.  Plaintiff further alleges that he did not receive adequate medical treatment for those injuries.

Plaintiff claims that that Defendants Steen and Samuels "denied my bail with a medical (PREA) Prison Rape Elimination Act issue, and violated multiple constitutional rights" resulting in cruel and unusual punishment.  As to Defendant Obiero, Plaintiff alleges he "neglected to properly look into the medical malpractice of his staff."  Plaintiff does not allege any personal involvement by any of the named Defendants in the alleged denial of medical care.  By way of remedy, Plaintiff seeks money damages.

In addition to the First Amended Complaint, Plaintiff has filed a Motion to Change or Add Defendants (ECF No. 7), a document titled "Motion: Attach Evidence Exhibits [and] Modify Damages Amount" (ECF No. 11); a document titled "Motion: to Amend Complaint[;] for Appointment of Counsel[;] for Appointment of Medical Expert Witness[; and] for Default Judgment to the Plaintiff and Settlement Awarded in Full Amount" (ECF No. 12); and a document titled "Motion:  to Amend Complaint[;] for Appointment of Counsel[; and] for Restraining Order and Preliminary Injunction" (ECF NO. 13).

## LEGAL STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford

the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.  Plaintiff' First Amended Complaint

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege facts establishing that a person acting under color of law deprived him of a federal constitutional rights. *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Liability arises upon a showing of personal participation by each defendant; a plaintiff must allege facts showing that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights. *Taylor v. List*, 880 'F.2d 1040, 1045 (9th Cir. 1989). A supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id*.

As noted, Plaintiff's sole allegation against Defendant Obiero is that he "neglected to properly look into the medical malpractice of his staff." This is not sufficient to establish a claim against Defendant Obiero under § 1983. Further, to maintain a constitutional claim based on medical treatment received as a pretrial detainee, a plaintiff must allege facts establishing that jail officials acted with objective deliberate indifference to the detainee's serious medical needs. *Hanington v. Multnomah County*, 593 F.Supp.3d 1022, 1033 (D. Or. 2022) (citing *Gordon v.*

3 - ORDER

*County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018)).  Objective deliberate indifference is "more than negligence but less than subjective intent—something akin to reckless disregard." *Gordon*, 888 F.3d at 1125 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

With respect to the allegations involving Defendant Steen, generally, a public defender does not act under color of state law so as to be subject to suit under § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).  "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id*. (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Plaintiff's allegations against Defendant Steen—the public defender who represented Plaintiff during bail proceedings—are not actionable under § 1983.

Finally, as to Defendant Samuels, prosecutors are absolutely immune from § 1983 civil suits for damages that challenge activities related to the initiation and presentation of criminal prosecutions.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis; the classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986).  A prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  *Id*.  Here, Plaintiff alleges Defendant Samuels violated Plaintiff's rights in connection with a bail hearing, which is an activity intimately associated with the judicial phase of the criminal process.  *See Ismail v. Cty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017) (holding that a prosecutor's request for high bail is a prosecutorial decision intimately associated with the judicial phase of the criminal

process entitling prosecutor to absolute immunity).  As such, Plaintiff fails to state a claim against Defendant Samuels.

## II. Plaintiff's Motion for Temporary Restraining Order

As noted, Plaintiff filed a document that included in its title a request for "Temporary Restraining Order" (ECF No. 13).  Upon review of this document, however, the Court is unable to ascertain what relief Plaintiff seeks; the document contains a recitation of facts similar to those contained in his First Amended Complaint and concludes with a reiteration of his claim for money damages.

To be granted a temporary restraining order, Plaintiff must either show that he is likely to succeed on the merits of a claim that would entitle him to injunctive relief, *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008), or that he has raised serious questions going to the merits of his case.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-36 (9th Cir. 2011).  Because Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983, even if Plaintiff's motion had specified the interim injunctive relief sought, Plaintiff cannot establish that he is likely to succeed on the merits or raised serious questions going to the merits of his case, and his request for temporary restraining order must be denied.

## CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's First Amended Complaint is DISMISSED.  Plaintiff may file a Second Amended Complaint within 30 days of the date of this Order curing the deficiencies noted above.  Plaintiff is advised that his Second Amended Complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional.

Plaintiff is advised that the Second Amended Complaint will operate as a complete substitute for the present complaint, not as a supplement.  Plaintiff is cautioned that failure to file a Second Amended Complaint within the time provided will result in the dismissal of this proceeding.

IT IS FURTHER ORDERED that Plaintiff's request for temporary restraining order (ECF No. 13) is DENIED.

Because Plaintiff has not established exceptional circumstances warranting the appointment of pro bono counsel at this junction, his motions requesting appointment of counsel (ECF Nos. 3, 5, 12, and 13) are DENIED.

Because the Court has ordered Plaintiff to file a Second Amended Complaint, Plaintiff's Motion to Change or Add Defendants (ECF No. 7), Motion to Modify Damages Amount (ECF No. 11) and motions for leave to file amended complaint (ECF Nos. 12 and 13) are DENIED AS MOOT.

Plaintiff's Motion to Appoint Medical Expert and for Default Judgement (ECF 12) are DENIED as premature.

IT IS SO ORDERED.

DATED this __26th__ day of October, 2023.

_____
Michael H. Simon
United States District Judge

6 - ORDER